# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY MASON MANNING,<br><br>               Petitioner,<br><br>    v.<br><br>VINCENT CULLIN,<br><br>               Respondent. | 1:11-cv-00897 MJS HC<br><br>ORDER DISMISSING SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2244(b) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636(c).

In the petition filed on May 18, 2011, Petitioner challenges his November 8, 1994 conviction in Fresno County Superior Court for misdemeanor assault and exhibiting a weapon. (Pet., ECF No. 1.) A review of the Court's dockets and files shows Petitioner has previously sought habeas relief with respect to this conviction. In case number 1:00-cv-05670-JKS, Petitioner challenged the same underlying conviction. On February 26, 2004, the petition was denied on the merits.

///

1 **I.    DISCUSSION**

2      A court must dismiss a second or successive petition that raises the same grounds as

3 a prior petition. 28 U.S.C. § 2244(b)(1).  A court must also dismiss a second or successive

4 petition raising a new ground unless the petitioner can show that 1) the claim rests on a new

5 constitutional right, made retroactive by the United States Supreme Court or 2) the factual

6 basis of the claim was not previously discoverable through due diligence, and these new facts

7 establish by clear and convincing evidence that but for the constitutional error, no reasonable

8 factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. §

9 2244(b)(2)(A)-(B). However, it is not the district court that decides whether a second or

10 successive petition meets these requirements; the Petitioner must first file a motion with the

11 appropriate court of appeals to be authorized to file a second or successive petition with the

12 district court.

13      Section 2244 (b)(3)(A) provides: "Before a second or successive application permitted

14 by this section is filed in the district court, the applicant shall move in the appropriate court of

15 appeals for an order authorizing the district court to consider the application." In other words,

16 Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive

17 petition in district court. See Felker v. Turpin, 518 U.S. 651, 656-657 (1996).  This Court must

18 dismiss any second or successive petition unless the Court of Appeals has given Petitioner

19 leave to file the petition because a district court lacks subject-matter jurisdiction over a second

20 or successive petition. Greenawalt v. Stewart, 105 F.3d 1268, 1277 (9th Cir. 1997).

21      Because the current petition was filed after April 24, 1996, the provisions of the

22 Antiterrorism and Effective Death Penalty Act of 1996 apply to Petitioner's current petition.

23 Lindh v. Murphy, 521 U.S. 320, 327 (1997). Petitioner makes no showing that he has obtained

24 prior leave from the Ninth Circuit to file his successive petition attacking the conviction.  That

25 being so, this Court has no jurisdiction to consider Petitioner's renewed application for relief

26 under Section 2254 and must dismiss the petition.  See Greenawalt, 105 F.3d at 1277. If

27 Petitioner desires to proceed in bringing this petition for writ of habeas corpus, he must file for

28 leave to do so with the Ninth Circuit. See 28 U.S.C. § 2244(b)(3).

U.S. District Court

E. D. California

1 | II.    **CERTIFICATE OF APPEALABILITY**

2    A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal

3 a district court's denial of his petition, and an appeal is only allowed in certain circumstances.

4 Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining

5 whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

6           (a) In a habeas corpus proceeding or a proceeding under
          section 2255 before a district judge, the final order shall be subject
7          to review, on appeal, by the court of appeals for the circuit in
          which the proceeding is held.

8
          (b) There shall be no right of appeal from a final order in a
9          proceeding to test the validity of a warrant to remove to another
          district or place for commitment or trial a person charged with a
10          criminal offense against the United States, or to test the validity of
          such person's detention pending removal proceedings.

11
          (c)(1) Unless a circuit justice or judge issues a certificate of
12          appealability, an appeal may not be taken to the court of
          appeals from–

13
               (A) the final order in a habeas corpus proceeding in
14               which the detention complained of arises out of
               process issued by a State court; or

15
               (B) the final order in a proceeding under section
16          2255.

17          (2) A certificate of appealability may issue under paragraph
          (1) only if the applicant has made a substantial showing of the
18          denial of a constitutional right.

19          (3)  The certificate of appealability under paragraph (1)
          shall indicate which specific issue or issues satisfy the showing
20          required by paragraph (2).

21    If a court denies a petitioner's petition, the court may only issue a certificate of

22 appealability "if jurists of reason could disagree with the district court's resolution of his

23 constitutional claims or that jurists could conclude the issues presented are adequate to

24 deserve encouragement to proceed further." Miller-El, 123 S.Ct. at 1034; Slack v. McDaniel,

25 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case,

26 he must demonstrate "something more than the absence of frivolity or the existence of mere

27 good faith on his . . . part." Miller-El, 123 S.Ct. at 1040.

28    In the present case, the Court finds that reasonable jurists would not find the Court's

1    determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong,

2    or deserving of encouragement to proceed further.  Petitioner has not made the required

3    substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby

4    DECLINES to issue a certificate of appealability.

5    **III.**    **ORDER**

6           Accordingly, IT IS HEREBY ORDERED that:

7           1. The Petition for Writ of Habeas Corpus is DISMISSED as successive;

8           2. The Clerk of Court is DIRECTED to enter judgment; and

9           3. The Court DECLINES to issue a certificate of appealability.

13   IT IS SO ORDERED.

14   Dated:   __August 10, 2011__          ___/s/ *Michael J. Seng*___

                                        UNITED STATES MAGISTRATE JUDGE